UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Edward L. Dean, #279727,<br><br>    Plaintiff,<br><br>v.<br><br>William D. Catoe, Director, Jon Ozmint, Director, South Carolina Department of Corrections,<br><br>    Defendants. | C/A No. 8:04-1047-GRA-BH<br><br>ORDER<br>(Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed March 25, 2005. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. The defendants filed a motion for summary judgment on September 7, 2004. The magistrate recommends granting summary judgment to the defendants. For the reasons stated below, defendants' motion for summary judgment is GRANTED.

Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520

1

(1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on April 13, 2005.

The magistrate first recommends that plaintiff's case should be dismissed because he has failed to exhaust his administrative remedies as required by 42 U.S.C. 1997e(a). In his objections, the plaintiff argues that his grievance filing was not timely resolved. Accordingly, this Court finds dismissal based on failure to exhaust administrative remedies is not appropriate as the defendants have not met their burden to "plead and prove that [the] inmate failed to exhaust administrative remedies." *Hayes v. Stanley*, 04-7976 (4th Cir., June 27, 2005).

This Court will next address plaintiff's objections to the magistrate's alternative recommendation of summary judgment in favor of the defendants. In his objections,

2

plaintiff essentially realleges his original claims, namely that he has been misclassified and is thus being unfairly held at a high security facility and that Directors Catoe and Ozmint should be held liable. However, the plaintiff has failed to state a constitutional claim on this issue, as inmates do not have a constitutionally-recognized liberty interest in remaining at a specific prison, *Olim v. Wakinekona*, 461 U.S. 238 (1983), or such an interest in a particular security classification or prison placement. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). As a result, any objection on the issue of plaintiff's classification is overruled.[1]

The next issue is the liability of Directors Catoe and Ozmint. Plaintiff objects to the defendants' invocation of both Eleventh Amendment Immunity as well as qualified immunity; however, plaintiff's objections are solely legal in nature. Under Fourth Circuit precedent, this Court may dispense with de novo review "when objections to strictly legal issues are raised and no factual issues are challenged." *Orpiano v. Johnson*, 687 F.2d 44, 47 (1982). The Court finds that the objections to the immunity arguments contain no challenges to factual issues and thus dispenses with de novo review of the magistrate's report. The same analysis applies to plaintiff's South Carolina Tort Claims Act objection. Therefore, these objections are without merit.

---

[1] This Court is without information to determine whether the plaintiff received Vincent Black's affidavit on the issue of classification; however, the affidavit is not necessary to a determination of the correctness of the magistrate's recommendation as United States Supreme Court precedent clearly prevents plaintiff from prevailing on this issue.

As to the remaining state law claims, this Court declines to exercise supplemental jurisdiction. 28 U.S.C. § 367(c).

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety, excluding the portion recommending dismissal based on failure to exhaust administrative remedies.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July ___7___, 2005

NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.