UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Edward L. Dean**, # 279727, | ) C/A No. 8:04-1047-GRA-BHH |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| **William D. Catoe**, Director of SCDC; <br> **Jon Ozmint**, Director of SCDC; <br> **Patricia Brice**; <br> **Jean Randall**, Classification Case Manager at Lieber Correctional Institution; <br> **Gloria N. Lloyd**, Classification Manager at Evans Correctional Institution; and <br> **Natalie Sprattling**, Institutional Grievance Coordinator at Evans Correctional Institution, | ) |
| Defendants. | ) |

_____

In an order filed in the above-captioned case on July 8, 2005, the Honorable G. Ross Anderson, Jr., United States District Judge, granted summary judgment to defendants Ozmint and Catoe. The motion for summary judgment had been filed by defendants' counsel on behalf of defendants Ozmint and Catoe on September 7, 2004.

Four defendants in the above-captioned case have not been served. Those defendants are: Patricia Brice; Jean Randall, Classification Case Manager at Lieber Correctional Institution; Gloria N. Lloyd, Classification

1

Manager at Evans Correctional Institution; and Natalie Sprattling, Institutional Grievance Coordinator at Evans Correctional Institution. Those defendants were added pursuant to the undersigned's order (Document No. 34) of September 15, 2004, which granted the plaintiff's motion to amend complaint (Document No. 26) filed on August 25, 2004.

The issues addressed in the Order of July 8, 2005, of the Honorable G. Ross Anderson, Jr., United States District Judge, are dispositive of the issues raised by the plaintiff in the above-captioned case. Judge Anderson's Order disposes of the plaintiff's claims concerning exhaustion of administrative remedies (which Judge Anderson resolved in the plaintiff's favor), classification, Eleventh Amendment immunity, and supplemental state law claims. Judge Anderson's Order would be equally applicable to the four remaining defendants, *if they had been served*. Cf. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

Secondly, more than one hundred twenty (120) days have passed since the undersigned's order granting the plaintiff's motion to amend complaint. Rule 4(m) [formerly Rule 4(j)] of the Federal Rules of Civil Procedure provides

that unless a particular defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action without prejudice as to that particular defendant.  Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendants are not served within 120 days. *See, e.g.*, Mendez v. Elliott, 45 F.3d 75, 78-80, 1995 U.S.App. LEXIS® 1432 (4th Cir. 1995)(collecting cases);[*] Epstein v. White, 1991 U.S.Dist. LEXIS® 14888, 1991 WESTLAW® 214152 (N.D.Ill., October 18, 1991), *reconsideration denied*, Epstein v. Frye, 1992 U.S.Dist. LEXIS® 13574, 1992 WESTLAW® 225566 (N.D.Ill., September 8, 1992); and *cf*. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 1991 U.S.App. LEXIS® 13888 (7th Cir. 1991).

---

[*]Other courts were not kindly disposed to the holding in Mendez v. Elliott.  In Hammad v. Tate Access Floors, Inc., 31 F.Supp.2d 524, 526, 1999 U.S.Dist. LEXIS® 56 (D. Md. 1999)("While the court acknowledges that it is not free to ignore valid Fourth Circuit precedent merely because the overwhelming weight of circuit court authority is to the contrary, . . . the court believes that the continued vitality of Mendez is seriously in doubt."), the district court concluded that Mendez v. Elliott was superannuated by Henderson v. United States, 517 U.S. 654, 658 n. 5, 1996 U.S. LEXIS® 3243 (1996), and that the United States Court of Appeals for the Fourth Circuit, if given the chance, would overrule Mendez v. Elliott.  *See also* AIG Managed Market Neutral Fund v. Askin Capital Management, L.P., 197 F.R.D. 104, 2000 U.S.Dist. LEXIS®14437 (S.D.N.Y. 2000); and Melton v. TYCO Valves & Controls, Inc., 211 F.R.D. 288, 289-290, 2002 U.S.Dist. LEXIS® 24348 (D. Md. 2002)("Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad*, 31 F.Supp.2d at 527.").

# *Recommendation*

Since Judge Anderson's Order of July 8, 2005, would be dispositive as to the plaintiff's claims against the four unserved defendants, it is recommended that the four remaining defendants (**Patricia Brice**; **Jean Randall**, Classification Case Manager at Lieber Correctional Institution; **Gloria N. Lloyd**, Classification Manager at Evans Correctional Institution; and **Natalie Sprattling**, Institutional Grievance Coordinator at Evans Correctional Institution) be dismissed *without prejudice* under Rule 4(m) of the Federal Rules of Civil Procedure. If this Report and Recommendation is accepted by the District Court, it is also recommended that the District Court authorize the Clerk of Court to "close" the file in the above-captioned case. The parties' attention is directed to the important notice on the next page.

Respectfully submitted,

Greenville, South Carolina  
July 11, 2005

s/Bruce Howe Hendricks  
United States Magistrate Judge

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
&
<u>The **Serious Consequences** of a Failure to Do So</u>

    The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

    During the ten-day period for filing objections, **<u>but</u> <u>not</u> <u>thereafter</u>**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* <u>Branch v. Martin</u>, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and <u>Goney v. Clark</u>, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* <u>Wright v. Collins</u>, <u>supra</u>; and <u>Small v. Secretary of HHS</u>, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**
